## Baker v. City of Nanticoke et al.

*Hopkin T. Rowlands* and *John H. Hibbard*, for plaintiff.

*Peter Kanjorski, Bernard J. Kotulak, Leon F. Rokosz*, and *R. Lawrence Coughlin*, for defendants.

FLANNERY, J., for court en banc, March 30, 1948.—
Stanley Baker, plaintiff, City Treasurer of the City of
Nanticoke—and by virtue of that office collector of city,
school and county taxes within the city limits—sued
in assumpsit to recover a total of $8,750, being $1,500
per year from January 1942 to October 1947, claiming
as his salary for those years the sum of $5,000 an-
nually instead of $3,500 as paid to him.

Answers were filed in behalf of the three defendants,
the City of Nanticoke, the School District of the City
of Nanticoke and the County of Luzerne, in which
liability was denied and plaintiff now moves for judg-
ment on the pleadings.

The facts are not in dispute. On November 4, 1941,
plaintiff was elected; he qualified and took office on
January 1, 1942. He was reëlected in November 1945,
and again qualified and again took office on January
1, 1946. The amount of salary due is the only matter
in issue.

The Act of May 17, 1939, P. L. 153, reënacting and
amending previous legislation on the subject applies.
It provides:

"Section 2556. Treasurer as Tax Collector of City,
County, School, and Poor Taxes; Compensation; Assist-
ance; Expense To Be Shared.—The compensation or
commission of the city treasurer as collector of city,
county, institution district, school, and poor taxes shall,
during the terms of the tax collectors in office at the
time this Act takes effect, be and remain as now pro-
vided by law. Thereafter the said tax collector shall
be paid an annual salary for the collection of all city,
county, institution district, school, and poor taxes,
which salary, where not definitely fixed by this Act,
shall be fixed before the election of any tax collector,
jointly by the taxing authorities, other than institution
and poor districts, whose taxes are collected under
the provisions of this Act. In the case of newly created
cities, the said salary, where not definitely fixed by

this Act, shall be fixed by said taxing authorities before any duplicates are delivered to the city treasurer. In fixing the salary of the tax collector, the taxing authorities fixing the same shall each have one vote, which one vote shall be divided into fractions assigning an equal fraction of one vote to each member of the same taxing authority.

*"In cities having a population of twenty-five thousand inhabitants and less, the annual salary of the tax collector shall not be less than one thousand six hundred dollars ($1,600) nor more than three thousand five hundred dollars ($3,500)."* (Italics supplied.)

By a resolution, duly adopted by the City of Nanticoke on December 10, 1937, concurred in by the school district on May 5, 1938, and the county on February 8, 1938, the salary of the tax collector was fixed at $5,000 per year. No further action in this connection was taken by these authorities.

The population of the City of Nanticoke is less than 25,000, as officially determined by the census of 1940. This is set forth as new matter in the answer and admitted by plaintiff by his failure to reply and by his counsel at the argument.

Article III, par. 13 of the Constitution of Pennsylvania provides:

"No law shall extend the term of any public officer, or increase or diminish his salary or emoluments, after his election or appointment."

And the Third Class City Law of June 23, 1931, P. L. 932, which governs the City of Nanticoke as such, provides, paragraph 903:

"No city shall increase or diminish the salary, compensation, or emoluments of any elected officer after his election."

There can be no doubt but that the city treasurer of a third class city, who is also ex officio collector of school and county taxes in such a city, is a public officer within the intendment of the constitutional pro-

hibition referred to: *Commonwealth ex rel. v. Cooper, Treasurer*, 31 D. & C. 659.

With these elements of fact and of law as a background plaintiff contends that the only compensation fixed for him was the $5,000 per annum referred to. He chooses to ignore the statute and the limitation of $3,500 maximum imposed by its terms as determined by the population of this city.

He takes the position that as a constitutional officer his salary may not be reduced during his term. In principle this is correct but it has no application here for the reason that his salary was not reduced during his term. From the beginning he has received the maximum allowed by the statute, $3,500 per annum. That the taxing authorities did not take formal action to fix this as the amount of compensation when the 1940 census disclosed the population, and before plaintiff was sworn in, was an omission on their part. But it does not lie with plaintiff to complain. He was not injured by their failure to act. Under the law they could not have given him more than he received. They might have given him less.

No authority has been submitted by counsel, nor have we been able to discover a precedent to guide us. But the rule of reason points the way and we have no hesitancy in concluding that plaintiff cannot prevail. To decide otherwise would make of the court the medium by which the salary statute is to be violated.

This is a motion by plaintiff for judgment on the pleadings.

Rule 1034 of the Pennsylvania Rules of Civil Procedure provides:

"(a) After the pleadings are closed, but within such time as not to delay the trial, any party may move for judgment on the pleadings.

"(b) The Court shall enter such judgment or order as shall be proper on the pleadings."

There are no questions of fact, only questions of law. These questions must be decided in favor of defendants.

Motion denied and judgment is directed to be entered for defendants.